961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronny C. TURNER, Plaintiff-Appellant,
v.
Sam BROWN, et al., Defendants-Appellee.
 No. 90-16081.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronny Turner appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging the destruction of his legal materials resulting in the denial of access to the courts. We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 5
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant[ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [citation omitted] [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations omitted). The nonmoving party cannot rest on the allegations in his pleadings to overcome a motion for summary judgment. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988).
 
 
 6
 Turner contends that during a transfer from San Quentin to Folsom prison, the defendants destroyed his legal materials in retaliation for his pending lawsuit against other prison officials. Turner further contends that the destruction of his legal materials resulted in a denial of access to the courts.
 
 
 7
 The defendants have filed an affidavit stating that the following events occurred. Officer Lemelle asked Turner to clean his cell before being transferred. Later, Lemelle saw Turner in the hall pushing a cart loaded with Turner's possessions. Lemelle asked him if his cell was clean, and Turner replied that it was. Lemelle then went to Turner's cell and discovered that it was strewn with debris. Officials were unable to locate Turner, and an inmate worker was ordered to clean the cell. When Turner was located, he stated that some of his legal materials had been left in the cell. He was taken to the trash site where his belongings were segregated from the other trash in a box and two bags. Turner refused retrieve his property.
 
 
 8
 If a prisoner's claims do not involve denial of adequate law libraries or adequate assistance from persons trained in the law, the prisoner must allege demonstrate actual injury, or a "specific instance in which [he] was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). By retaliating against an inmate for pursuing his legal actions, prison officials interfere with that inmate's access to the courts. See Valandingham v. Borjorquez, 866 F.2d 1135, 1138 (9th Cir.1989; Navarette v. Enomoto, 536 F.2d 277, 280 (9th Cir.1976), reversed on other grounds, 434 U.S. 555 (1978).
 
 
 9
 Turner has failed to show any specific instance in which he was denied access to the courts. He merely asserts that the destruction of unspecified property resulted in a denial of access to the courts. Turner's conclusory allegations are insufficient to defeat a motion for summary judgment. See List, 880 F.2d at 1044. Further, Turner has failed to designate the specific facts necessary to show that there is a genuine issue for trial on his right of access claim based on retaliation by prison officials. See Fed.R.Civ.P. 56(c). Thus, the district court properly granted summary judgment in favor of the defendants on Turner's claim for denial of access to the courts. See id.
 
 
 10
 Finally, to the extent that Turner's pleadings can be construed as alleging a claim for the intentional deprivation of property, his claim also fails because California provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533-36 (1983).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3